BLAKEY, Respondent, v. BLAKEY, Appellant.

1. Where a builder contracts to build a house, he can have no lien for services rendered in superintending his own workmen.

*Appeal from St. Louis Land Court.*

*Bay,* for appellant.

*A. W. Lewis,* for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

This suit was brought to enforce a mechanic's lien for work done and materials furnished in building a house for the defendant. The plaintiff in his petition asks judgment for a balance alleged to be due to him, but he does not say whether the house was built under a special contract, or whether he sought to recover on a *quantum meruit.* The account annexed to the petition contains various items for materials and for work done by different carpenters for a certain number of days, at two dollars and a half per day for each hand, and also this item: " To 114 days' services of self, in working and superintending building from May 1st up to 23d December, 1856, at $3 per day—$342."

The evidence is very indefinite and unsatisfactory not only as to the value of the work and materials, but also as to the nature of the plaintiff's undertaking. It appears, however,

that the workmen were employed by the plaintiff as his hands, and that, instead of charging a given sum for the work, he charged the defendant two dollars and fifty cents for every day each workman was engaged,. though he did not pay any of them that much. If the plaintiff contracted to build the house for a certain price, or for whatever the job might be worth, it is difficult to understand on what principle he could charge the defendant for superintending his own hands; and if he undertook to employ workmen for the defendant and to superintend them, he ought not to be paid for services as superintendent and to speculate at the same time on the wages of the workmen. The law gives the mechanic, builder, artisan, workman, laborer, or other person, who may do or perform any work upon or furnish materials for any building, a lien on the same to secure the payment of the work done or materials furnished; but it has no such elastic power as is claimed for it in this case, and it can not be stretched to cover, besides the value of the work done and materials furnished, a claim for services performed by the builder for himself in superintending his own workmen.

The defendant asked the court to instruct " that the plaintiff is not entitled to recover in this action for superintending the work in the building ;" but the instruction was refused, and for that reason the judgment will be reversed and the cause remanded. The other judges concur.