Smallhouse, appellant, *v.* Kentucky and M. G. and S. M. Co., respondent. ·

Mechanic's lien —*general agent or superintendent not entitled to.*  A claim of a mechanic's lien against the buildings, machinery and mining ground of a corporation by one who alleges himself to have been employed as agent, manager and superintendent of said corporation, at a certain monthly salary, in the erection of buildings and working of mines, does not come within the spirit or letter of the mechanic's lien law of Montana.  The superintendent of a corporation stands in the place of the corporation itself toward others intended to be protected by the law.  *Quere* as to the validity of a joint lien upon separate and distinct parcels of property.

*Appeal from First District, Madison County.*

J. E. Callaway and J. G. Spratt, for appellants.

A corporation can only act through its agent.  Appellant stood in the same relation to the corporation, and was entitled to same rights as a stranger or any other contractor doing work and fur-

nishing supplies.   Angell & Ames on Corp., § 233 ; *Worcester Turnpike* v. *Willard*, 5 Mass. 85 ; *Gilmore* v. *Pope*, id. 491 ; Phillips on Liens, § 158.

The language of the statute is very broad, and extends to mechanics, builders, lumbermen, artisan, workman, laborer or " other person." Such liens attach to the building, erection or improvement for which the materials were furnished or the work done. Cod. Sts., § 10, p. 511.

S. WORD, for respondent.

The allegations of the complaint show that plaintiff was superintendent for the corporation at a monthly salary to supervise the work of others. The statute was not intended to give a lien to such persons or for such services. Cod. Sts., § 1, p. 509 ; Phillips on Mech. Liens, §§ 156–7 ; *Blakey* v. *Blakey*, 27 Mo. 39.

A superintendent stands on same footing as member of the corporation. Phillips on Liens, § 39. He can contract with the corporation, but can have no lien on its property for his services. The case of 27 Mo. 39 is in point, being the construction given by the court to a statute identical with our own.

WADE, C. J.   This is an action to foreclose a mechanic's lien. The defendant, "The Kentucky and Montana Gold and Silver Mining Company," is a corporation created under and by virtue of the laws of the State of Kentucky, doing business in the Territory, and having an office and place of business in the county of Madison. This defendant is in default, having made no appearance in the case. The defendant Elling appeared and filed a demurrer to the complaint, which was sustained, and thereupon judgment was rendered in his favor.

The plaintiff claims a lien upon a certain quartz mill, together with the engine, boiler, belting and other machinery belonging to and used in working the mill, also upon four dwelling-houses situate in the immediate vicinity of the mill, together with the land on which the mill and buildings stand, also upon Discovery claim, and claims numbered one, two, three, four and five, northeast from Discovery claim, and claims numbered one, two, three, four and five, south-west from Discovery claim, on the Rising Sun

quartz lode, together with the privileges and appurtenances thereto belonging.

To bring himself within the statute giving a lien to mechanics, builders, lumbermen, artisans, workmen and laborers who shall perform work and labor upon any building, erection, mining claim, quartz lode, etc., the plaintiff alleges that on the 28th day of December, 1874, the aforesaid corporation hired the plaintiff as its agent, manager and superintendent to perform labor in and about the building, erection and completion of the mill and houses mentioned, and also in working the claims named on the quartz lode, at a salary of $250 per month.

Does this averment bring the plaintiff within the spirit and meaning of the mechanics' lien law?

The purpose of the legislature in enacting this statute undoubtedly was to secure to the persons therein named compensation for their labor upon the erections therein contemplated, and within the scope of the statute. Its provisions should be liberally construed. It was designed for the protection of workmen who, by their labor or materials furnished, have called property into being or added to its value, to the end that the property itself should be held liable for the labor and materials that produced it. But it is not every one who contributes to the erection of a building or structure that is entitled to a lien thereon. If the contribution was indirect, as if A should loan money to B for the purpose of enabling him to erect a building, and he should with the money thus loaned employ workmen, purchase materials and construct a building, A could not hold a mechanic's lien on the building for the money so loaned. In order to have the lien attach the labor or materials must have been expended on the building itself, and not upon something else that produced it as a result.

From the nature of the plaintiff's employment, as averred by himself, it does not appear that he was an architect or laborer, or that he labored directly in the construction of the buildings, etc., but rather that he was employed by the corporation at a fixed salary to manage and superintend its affairs at the place named. Undoubtedly he had the general oversight of the business of the company, of the workmen employed to labor upon the buildings, etc., and probably kept an account of their time, saw that they per-

formed good service and earned their wages, and at stated times paid them their money, for all of which he rendered an account to the company. His services were useful and necessary, but they contributed only in an indirect manner to the construction and erection of the buildings. He stood very much in the situation of an owner directing and managing works of his own. He was the representative of the corporation, and to the laborers under him he was the corporation at the place where the labor was performed. This was not the kind of service that entitles one to a mechanic's lien. This view of the case is in harmony with the decisions of the supreme court of the State of Missouri, from whence we obtained our mechanics' lien law. In the case of *Blakey* v. *Blakey*, 27 Mo. 39, the plaintiff brought an action to enforce a mechanic's lien for work and labor done and materials furnished in building a house for defendant. His account was as follows: "To 114 days' services of self in working and superintending building from May 1 up to December 23, 1856, at $3 per day, $342." In deciding this case the court says: "The law gives the mechanic, builder, artisan, workman, laborer or other person who may do or perform any work upon, or furnish materials for any building, a lien on the same to secure the payment of the work done or materials furnished, but it has no such elastic power as is claimed for it in this case, and it cannot be stretched to cover, besides the value of the work done and materials furnished, a claim for services performed by the builder for himself in superintending his own workmen."

This superintendent stands in place of the corporation, and to give him a lien for the kind of labor he performed might defeat the liens of the workmen and material men who actually constructed the building, and would be like giving a lien to the corporation itself.

This case is not at all analogous to that of *Alvord* v. *Hendrie*, *ante*, 115, decided by this court. In that case there had been a full and complete settlement between the parties, and the amount for which the plaintiff should have a lien upon the property for his labor thereon had been agreed on and determined.

An agent employed to disburse money and pay off hands in the building of a house has no lien for his services, as the statute

was designed to protect the interest of a different class of persons from those agents employed to disburse money. Such services do not come within the spirit or letter of the act. *Edgar* v. *Salisbury*, 17 Mo. 271; Phillips on Liens, §§ 156, 157.

There is another question, not referred to in the briefs, worthy of great consideration, as to the validity of a joint lien upon separate and distinct parcels of property. See Phillips on Liens, § 376; *Steigleman* v. *McBride*, 17 Ill. 300; *James* v. *Hambleton*, 42 id. 308.

The judgment below is affirmed.

*Judgment affirmed.*

BLAKE, J., did not sit in this case, being disqualified.