## REPUBLIC SUPPLY CO. v. ALLEN et al.
### (No. 2325.)

(Court of Civil Appeals of Texas. Amarillo. April 30, 1924.)

Mines and minerals ⬤⟲113—Well driller held "subcontractor," so that one furnishing material to him was entitled to lien; "subcontract."

Where well drilling contractors contracted with A. to complete an oil well which they had begun, the lessee of the well continuing to make all payments for drilling direct to the contractors, who in turn paid A.'s payroll, such arrangement did not amount to an assignment of the contract to A., but A. was a subcontractor, so that one furnishing material to A. was entitled to a lien on the lease, under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639b; a "subcontract" being a contract under or subordinate to a previous contract, and a "subcontractor" being one who contracts with a contractor to perform part or all of the latter's contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Subcontract; Subcontractor.]

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the Republic Supply Company against R. F. Allen, Magee Bros., and Ladd &

Hannan, in which cross-action against Ladd & Hannan was filed by the other defendants. Judgment against plaintiff and for defendants on their cross-action, and plaintiff appeals. Reversed and rendered.

Bonner, Bonner & Sanford, of Wichita Falls, for appellant.

W. B. Powell, of Ft. Worth, and Bill Williams, of Electra, for appellees.

HALL, C. J. The appellant company instituted this suit against Magee Bros., Ladd & Hannan, and R. F. Allen, upon an itemized verified statement of account, showing a balance of $727.29, and to foreclose plaintiff's materialman's lien upon a certain oil and gas lease described in the petition. Plaintiff alleged that it sold certain material, supplies, and merchandise to be used and which were used by the defendants Magee Bros. and Allen in drilling an oil well upon a lease owned by Ladd & Hannan; that the account accrued and became due on the 1st of September, 1922; that on the 11th of October, 1922, plaintiff served the defendants with proper written notices, and thereafter duly filed its lien in the office of the county clerk of Wichita county, whereby it acquired a valid lien upon the lease in question. The verified account was attached as an exhibit to the petition. It was further shown that the plaintiff's attorney discussed the matter in person with the members of the firm of Ladd & Hannan and Magee Bros. Magee Bros. and R. F. Allen were personally served, and answered by general denial and by cross-action over against Ladd & Hannan. They attached to their cross-petition a copy of their contracts with R. F. Allen and with the firm of Staley & Schust. Plaintiff filed a general demurrer and special exceptions to the answer of Magee Bros., upon the ground that their verified account was not denied as required by V. S. C. S. art. 1906. A trial to the court without a jury resulted in a judgment that plaintiff take nothing, that Magee Bros. recover in their cross-action against Ladd & Hannan the sum of $727.29, with interest.

It will not be necessary to consider the several propositions in detail. The trial judge filed findings of fact and conclusions of law to the effect that the plaintiff company sold and delivered to Allen the goods, wares, and merchandise shown by the petition and the exhibit thereto, of the reasonable cash market value of $727.29; that the account was due and payable September 1, 1922; that the goods were used in drilling the well on the gas lease which Magee Bros. had contracted and bound themselves to drill to a depth of 2,000 feet at $3 per foot; that Magee Bros. had drilled the well to a depth of about 800 feet when, with the knowledge and consent of Ladd & Hannan, Magee Bros. contracted with Allen to com-

plete the well to 2,000 feet, and bound themselves to pay Allen $3.25 per foot for said deeper drilling; that Ladd & Hannan still looked to Magee Bros., and held them under their written contract for the completion of said well, and that all payments at all times were made by Ladd & Hannan direct to Magee Bros., who in turn paid the payroll of Allen; that notices required by the mechanics' lien statute were duly given, and at the time of said notices Ladd & Hannan had not paid any sum to any one for said drilling; that the lien had been properly fixed under the statute, and that plaintiff would have secured thereby a valid lien upon the lease, and that each of the defendants would have become personally liable to plaintiffs but for the fact "that the subarrangement between Magee Bros. and R. F. Allen in fact amounted to an assignment of Magee Bros.' contract to Allen and that said Allen was not within the contemplation and purview of the statute a subcontractor"; that Allen, having received the plaintiff's goods and same not having been furnished to Magee Bros. or to Ladd & Hannan, plaintiff, because of the fact that Allen was not a subcontractor, did not acquire a lien on the lease; that Ladd & Hannan have paid Magee Bros. all that is due under the contract, except said sum of $727.29; that Allen was unable to complete the contract, and was discharged, and that Magee Bros. thereafter made arrangements with Staley & Schust to complete the well. The court concludes as a matter of law that, Allen not being a subcontractor under Magee Bros., within the purview and meaning of the lien statutes, relating to oil and gas leases, plaintiff did not acquire a valid lien on the leasehold estate; that Magee Bros. made no agreement to pay Republic Supply Company the bill, and because there is no valid lien as against Magee Bros., and the plaintiff not being entitled to recover; that Magee Bros. are entitled to recover over and against Ladd & Hannan for the balance of $727.29 in their hands. Since Allen and Magee Bros. did not deny the account under oath plaintiff was entitled to a judgment against them under the provisions of V. S. C. S. art. 3712. We do not agree with the learned trial judge in his conclusion that Allen was not a subcontractor. A subcontract is a contract under or subordinate to a previous contract, and a subcontractor is "one who contracts with a contractor to perform part or all of the latter's contract." Grigsby v. Lexington & E. Ry. Co., 152 Ky. 164, 153 S. W. 232; Smith v. Wilcox, 44 Or. 323, 74 Pac. 708, 75 Pac. 710; Central Trust Co. v. Richmond, N. I. & B. R. Co., 68 Fed. 90, 15 C. C. A. 273, 41 L. R. A. 458. We think it is clear that the plaintiff is entitled to its lien under the provisions of V. S. C. S. (1918 Supplement) arts. 5639a and 5639b. The judgment is therefore reversed, and is here

rendered that plaintiff recover judgment for the amount sued for and interest against R. F. Allen, R. B. Magee, and Brode Magee, and that its materialman's lien be foreclosed as to all defendants against the property described in the petition. Wilson v. Sherwin-Williams Paint Co., 110 Tex. 156, 217 S. W. 372.

Reversed and rendered.

BOYCE, J. not sitting.