FRANK RIGGEN, Plaintiff and Appellant, v. PROCTOR K. PERKINS and FLO PERKINS, His Wife, GEM STATE LUMBER COMPANY, a Corporation, and WOOD RIVER POWER COMPANY, a Corporation, Defendants and Respondents, and BROWNELL BROTHERS COMPANY, LTD., a Corporation, and COAST LUMBER COMPANY, a Corporation, Defendants and Appellants.

[246 Pac. 962.]

MECHANICS' LIENS—INSUFFICIENT LABOR LIEN CLAIMS—CONTRACTOR AS AGENT OF OWNER — SUBCONTRACTOR'S LIEN — PRIORITY OF LIEN — CORPORATION AS CLAIMANT OF LABOR LIEN..

1. Labor lien claims, containing no recital of whether there was contract or contractor, and containing no recital of name of owner or person by whom labor was employed, except recital that certain person was owner or reputed owner of described premises, and "caused said labor," are insufficient, under C. S., sec. 7346.

2. Contractor is not statutory agent of owner so as to make laborer employed by him direct contract employee of owner, although he is agent for purpose of giving lien on premises by one performing labor for him.

3. As respects priority, corporation furnishing labor and material in installing heating plant and plumbing, contracting directly

with original contractor to furnish material and labor, was entitled to lien as subcontractor only, and not as materialman, for amounts of such contracts.

4. Corporation installing inside wiring of residence was entitled only to lien as subcontractor as respected priority, where price of labor was not included as part of delivered price of material.

ON PETITION FOR REHEARING.

5. Though, within C. S., secs. 7339, 7350, 7351, corporation is a "person," in view of Laws 1899, p. 155, chap. 5, secs. 1, 2, and C. S., secs. 9444, 9456, it cannot have labor lien, as labor liens are given only to those performing labor, and not to those furnishing labor.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. Ralph W. Adair, Judge.

Action to foreclose eight mechanics' liens. Judgment denying liens as to certain claimants, granting liens as to certain claimants and declaring a priority. *Modified and affirmed.*

McFadden & Perkins, for Respondents Proctor K. Perkins and Flo Perkins.

W. A. Brodhead and Richards & Haga, for Appellant Brownell Bros. Co., Ltd.

When the essential nature of an agreement is to furnish plumbing and heating fixtures and materials, the party so furnishing the plumbing and heating is a materialman and the fact that certain labor is required to properly install such plumbing and heating in the building and make it available for use does not change the agreement into one

Publisher's Note.
1. See 18 R. C. L. 934.
5. See 18 R. C. L. 910.

See Mechanics' Liens, 40 C. J., sec. 17, p. 56, n. 32; sec. 141, p. 129, n. 32; sec. 143, p. 132, n. 79; sec. 146, p. 134, n. 20, 21, 22; sec. 153, p. 139, n. 89, 2; sec. 285, p. 285, n. 91; p. 286, n. 92, sec. 356, p. 284, n. 38.

for construction or change the status of the party furnishing it from a materialman to that of a subcontractor. (*Hihn-Hammond Lbr. Co. v. Elsom,* 171 Cal. 570, Ann. Cas. 1917C, 798, 154 Pac. 12; *Bennett v. Davis,* 113 Cal. 337, 54 Am. St. 354, 45 Pac. 684; *Hinckley v. Field's Biscuit & Cracker Co.,* 91 Cal. 136, 27 Pac. 594; *Bryson v. McCone,* 121 Cal. 153, 53 Pac. 637; *John A. Roebling's Sons v. Humboldt Electric Light & Power Co.,* 112 Cal. 288, 44 Pac. 568; *California Portland Cement Co. v. Wentworth Hotel Co.,* 16 Cal. 692, 118 Pac. 103, 113.)

R. M. Angel, for Appellant Frank Riggen.

"The precise words of the statute are not required to be used by the claimant. Where other and substantially equivalent expressions are resorted to, it will be deemed sufficient compliance with the requirements of law." (*Ascha v. Fitch,* 5 Cal. Unrep. 481, 46 Pac. 298; *Costagnetto v. Coppertown S. & M. Co.,* 146 Cal. 329, 80 Pac. 74.)

"Where a lien is sought against the property of the person with whom the contract is made, and to whom the materials are furnished, it is sufficient to give the name of the owner as the person to whom they were furnished, although in fact they have been ordered and received by an agent or employee of such owner, in which case the act of the agent is the act of the principal. (*Allen v. Elwart* (Or.), 44 Pac. 823.)

"Although where the claim was for materials furnished to a contractor with the owner, it should be so stated in the notice, failure to state that fact was not fatal." (*Darrow v. Morgan,* 65 N. Y. 333; 27 Ency. Law, 180.)

Total lack of the name of the owner is fatal. (*White v. Mullins,* 3 Ida. 434, 31 Pac. 801. But see *Creer v. Cache Valley Lumber Co.,* 4 Ida. 280, 95 Am. St. 63, 38 Pac. 653.)

Budge & Merrill and J. G. Hedrick, for Respondents Gem State Lumber Co. and Wood River Power Co.

The notice of a claim for a mechanic's lien filed with the recorder is insufficient where it fails to state the name of

the person by whom employed or to whom he furnished materials. (*Madeira Flume & Drain Co. v. Kendall,* 120 Cal. 182, 65 Am. St. 177, 52 Pac. 304; *Hogan v. Bigler,* 8 Cal. App. 71, 96 Pac. 97; *Rankin v. Malarkey,* 23 Or. 593, 32 Pac. 620, 34 Pac. 816; *Warren v. Quade,* 3 Wash. 750, 29 Pac. 827; *Tacoma Lumber Co. v. Wilson,* 3 Wash. 786, 29 Pac. 829; *Heald v. Hodder,* 5 Wash. 677, 32 Pac. 728; *Steel v. Argentine Min. Co.,* 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585; *White v. Mullins,* 3 Ida. 434, 31 Pac. 801.)

No reference in the body of the instrument to the person to whom materials were furnished than that stated in the title is insufficient. (*White v. Mullins, supra; Malter v. Falcon Min. Co.,* 18 Nev. 209, 2 Pac. 50.)

The term "subcontractor" embraces all persons who agree with the original contractor to furnish the material and construct for him on the premises some part of the structure which the original contractor has agreed to erect for the owner. (*Hihn-Hammond Lumber Co. v. Elsom,* 171 Cal. 570, Ann. Cas. 1917C, 798, 154 Pac. 12; *Herman & Grace v. City of New York,* 130 App. Div. 531, 114 N. Y. Supp. 1107, 1 Civ. Proc. R., N. S., 213; *Friedman v. Hampden Co.,* 204 Mass. 494, 90 N. E. 851; *People (Davis) v. Campfield,* 150 Mich. 675, 114 N. W. 659; Phillip on Mechanics' Liens, 3d ed., sec. 44; Bloom on Mechanics' Liens, sec. 66; 18 R. C. L. 910.)

Furnishing an article, or performing service trivial in character, is not sufficient for extending time of filing lien, where the article is furnished or the labor performed after having substantially completed the contract. (*Gem State Lumber Co. v. Witty,* 37 Ida. 489, 217 Pac. 1027.)

Davidson & Davison, for Appellant Coast Lumber Company.

TAYLOR, J.—This action was originally brought by Frank Riggen to foreclose eight labor liens for work done by himself and his seven assignors in the erection of a house for the respondent Proctor K. Perkins. The other parties,

Brownell Brothers Company, Gem State Lumber Company, Wood River Power Company and the Coast Lumber Company, were made parties on their claims of liens upon the same property.  A judgment of nonsuit was entered against the plaintiff Riggen and the Coast Lumber Company, and in favor of the other lien claimants.  Riggen and the Coast Lumber Company appealed from that judgment, and Brownell Brothers Company from the portion of the judgment declaring a priority between the successful lien claimants.

The defendant Perkins entered into a written contract with the Arco Mill & Building Company by which the latter agreed ''to provide all the materials and to perform all the work'' in erecting the dwelling-house in controversy, according to plans and specifications.  This company partially completed the building and abandoned its work.  All the lien claimants are shown to have dealt directly with the contractor Arco Mill & Building Company, and were to have been paid by it.  They had no contracts of employment or purchase or sale with, or promise of pay from, the owner.

[1]  The labor lien claims did not contain ''the name of the person by whom he was employed,'' as required by C. S., sec. 7346.  The labor liens filed were all similar in form to that of plaintiff Riggen.  They contained no recital, in the title or elsewhere, of the name of the contractor, or that there was such a contract or contractor.  Each recited that the claimant ''as laborer'' performed labor in and upon that certain building, describing it.  The only recital of the name of the owner or person by whom the claimant was employed, was: ''That the said Proctor K. Perkins is the owner or reputed owner of said described premises, and caused said labor by the said Frank Riggen.''

[2]  Counsel for plaintiff Riggen attempts to support the claims for labor liens by the contention that the contractor Arco Mill & Building Company was the statutory agent of defendant Perkins, and that thus he should be permitted to establish, under an allegation such as recited, that the defendant employed the labor claimants.  The Arco Mill &

Building Company was the statutory agent of defendant for the purpose of giving a lien upon the premises by one who performed labor for it, but not for the purpose of making a laborer employed by it the direct contract employee of the owner, or thus by law to supply a relation which would support an allegation of the lien or complaint that the laborer was "employed" by the owner, or that, under the facts, the owner was the "person by whom he was employed." The failure to set forth in the claims of liens, under these circumstances, any statement of the person by whom the laborers were employed, was fatal to the liens. (*Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Steel v. Argentine Mining Co.,* 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585; *Hogan v. Bigler,* 8 Cal. App. 71, 96 Pac. 97; *Dillon v. Hart,* 25 Or. 49, 34 Pac. 817.)

The court entered a nonsuit against the Coast Lumber Company on its claim of lien for materials, upon the insufficiency of its lien claim and cross-complaint. The company has filed no brief and made no appearance on the hearing. We have, however, examined the record, and find the judgment of nonsuit warranted.

The lien claim and cross-complaint of Brownell Brothers Company, a corporation, allege that it furnished "labor and materials," in a total amount named, to Arco Mill & Building Company as contractor and as the statutory agent of defendant Perkins, which were for use and actually used in the construction of the building. The court found that appellant Brownell Brothers Company did furnish materials, to be used and actually used, in the amount of $410, and did, under a contract with Arco Mill & Building Company so to do, furnish and install, as a subcontractor, the heating plant and plumbing fixtures. The court found in favor of the appellant, giving it a lien which was not contested, except as to its classification; but gave it a lien as a materialman for such items only as paints, hardware, and the like, in the sum of $410, and a lien priority as a subcontractor only for the amounts of its contracts for the installation of the heating plant and plumbing fixtures, which placed this

appellant's lien in that amount inferior to those of the Wood River Power Company and the Gem State Lumber Company, who were classified as materialmen and given a priority as such.

The appeal is "from that part of the judgment . . . . wherein it was decreed that the balance of the amount owing Brownell Bros. Company, Ltd., . . . . is . . . . a lien of a subcontractor and is inferior and subject to the liens of Gem State Lumber Company, a corporation, and Wood River Power Company, a corporation. . . . . "

There was evidence that appellant submitted competitive bids for this work, and entered into written contracts with the Arco Mill & Building Company, under the terms of which it might well be found to be a subcontractor. Witnesses for appellant testified that these contracts were abrogated by it for some failure of the Arco Mill & Building Company to live up to their terms. It is not greatly material whether the written contracts introduced were actually carried out, or whether, as contended by appellant, it furnished the materials and performed the work under oral contracts with the Arco Mill & Building Company, for the evidence supports the holding in either event, that it was a subcontractor as to the heating plant and plumbing.

Appellant seeks to support its claim that it was, as to the heating and plumbing, a "materialman," on the theory that the installation of these materials, and the labor necessary to install them, were a part of the contract price of delivery of the materials. The evidence does not support this contention. Appellant did enter into contracts which its officers say were abrogated, but even the lien claim and cross-complaint allege the furnishing of labor and materials to be used, and actually used, in the erection and construction of the building. This corporation could not claim for itself a labor lien; and until the theory sought to be unfolded at the trial and on appeal, the evidence shows that at no time was the labor included in the contract prices of the delivered articles, except in the only logical view of the evidence, that the appellant was a subcontractor. It is

shown that the appellant made charges for extras in labor and material and allowances itemized, such as, "Credit use of galv. iron instead of tin, 15.00," and "Allowance same from dining room, 5.40." No reasonable explanation of this evidence can be given, unless appellant was charging for extras above, and making allowances in reduction of, a contract price for the job, not the materials.

[3] Brownell Brothers Company is a corporation. No reasonable theory can be advanced supporting a lien for the items of labor shown, except that of a subcontractor. There is ample evidence to support the finding that its performance was in accordance with its being, and such that it was, a subcontractor. It contracted directly with the original contractor to furnish the material and labor, and erect on the premises the furnace with the necessary piping and outlets, and furnish the labor and material and install the plumbing, all of which the original contractor was bound to do. It was such a contract as, if made with Perkins direct, would have made the appellant a contractor, not a materialman. (Bloom on Mechanics' Liens, p. 72, sec. 66; *Dolese Bros. Co. v. Andrecopulas* (Okl.), 237 Pac. 844; *Fitzgerald v. Neal,* 113 Or. 103, 231 Pac. 645; *Smith v. Wilcox,* 44 Or. 323, 74 Pac. 708, 75 Pac. 710; *Hihn-Hammond Lumber Co. v. Elsom,* 171 Cal. 570, Ann. Cas. 1917C, 798, 154 Pac. 12; *People v. Campfield,* 150 Mich. 675, 114 N. W. 659; *Friedman Co. v. Hampden County,* 204 Mass. 494, 90 N. E. 851; *Republic Supply Co. v. Allen* (Tex. Civ. App.), 262 S. W. 113.)

[4] The proof as to the claim of Wood River Power Company is meager. Its itemized statement in evidence, under the head of "Work ordered" recites, "Inside wiring at P. K. Perkins Res.," and the items include various electric supplies such as wire, tape, switches, porcelain tubes, and the like, with labor charges shown by the evidence to have been for installation of the wiring. Each item of electric supplies was itemized and priced. The lien claim and cross-complaint set forth specifically a claim for labor and materials furnished. There was no proof offered which

would logically support the inclusion of the price of the labor claimed upon any theory as a part of the delivered price of the articles of electric supplies. There was no contest over the Wood River Power Company having a lien. The only reasonable conclusion that can be arrived at is that if it is to have a lien including the labor, it must be as a subcontractor doing the work of the Arco Mill & Building Company as contractor. The proof does not support a claim of lien in its behalf with any priority over that of Brownell Brothers Company, to wit: that of a subcontractor.

The evidence on behalf of the Gem State Lumber Company is sufficient to support a finding that it was a materialman, and entitled to a lien as such.

The judgment will be affirmed as to plaintiff Riggen and the Coast Lumber Company and the Gem State Lumber Company, and will be modified to give to the Wood River Power Company a lien as subcontractor upon a par with that portion of the claim of Brownell Brothers Company which was classified as such. It is so ordered. Costs to respondent Gem State Lumber Company. No other costs allowed.

Wm. E. Lee and Givens, JJ., concur.

(May 29, 1926.)

### ON PETITION FOR REHEARING.

TAYLOR, J.—A petition for rehearing has been filed herein by appellant Brownell Brothers Company, Ltd. Counsel for petitioner say:

"1. The Court erred in holding that a corporation cannot claim a labor lien and that Brownell Brothers Company, Ltd., being a corporation, could not claim to have rendered labor in any capacity, except as a subcontractor.

"2. The Court erred in holding and announcing as a general rule of law in the State of Idaho that corporations cannot supply or furnish labor in the erection or repair of buildings, except as subcontractors, and that a corporation

in the furnishing of labor cannot have a lien of equal, rank with that of individual laborers under Section 7351, but must subordinate its labor claims to individual laborers and materialmen.

"3. The statement of the law as to the lien rights of corporations is too general and misleading and should be modified and corrected before the decision becomes final. . . .

"Clearly, a plumbing company, although incorporated, may send its plumbers to repair the plumbing of a residence or building and have the same right to a lien for the labor furnished as a partnership or individual plumber who also sends hired employees to do such work. . . . .

"Had the labor items been entirely segregated from the cost of the material, Brownell Brothers would have been entitled to have had their labor included in the first rank under Section 7351. . . . . "

The lower court allowed petitioner's claim of lien for what appeared to be in part labor and part materials, but classed the lien as that of a subcontractor rather than as of a materialman. Petitioner at no time contended for equal rank with laborers, but that its lien was that of a materialman, and complained of the classification as of a subcontractor instead. The question in this case is one as to the priority of the claim of the corporation. The argument made in the opinion was in distinguishing the petitioner from a materialman. The result could not have been otherwise, even had the contention been made.

[5] Authority need not be sought or cited from other than the lien law itself that "the word 'person' includes a corporation as well as a natural person." (Sess. Laws 1899, p. 147, c. 5, sec. 1, p. 155.) (This, as well as section 2 of that act, is omitted by the compiler of the Compiled Statutes. See C. S., secs. 9444 and 9456.)

Let us then consider the act with "corporation" and "person" synonymous. It does not give to a corporation a "labor lien" as such, for it does not to a natural person under the same circumstances. Of course, a laborer is in a sense dependent upon a contract relation, but a person

not "performing labor" does not have a "labor lien," though he may furnish labor and have a lien therefor. In such event, he is dependent for his lien upon labor furnished under his contract relation, rather than "performing." Such lien is given him, by the interpretation of other portions of the act, as a contractor and not a laborer.

"The contractor is entitled to his lien, not only for his own labor, but for the labor of those under him, and even though his workmen have taken out liens the effect is only to diminish the contractor's lien *pro tanto.*

"The contractor has also a lien for necessary materials furnished by him to comply with his contract." (27 Cyc. 84.)

Any lien filed by the employer of labor performed is such employer's lien, and must rest upon some contract relation, whether it be that alone of furnishing the labor, contracting for the completion of the whole or part of the work, or in some instances as incidental to the furnishing or installation of materials by a materialman, in which first-mentioned relations, the lien is enforced as that of a contractor or subcontractor, and in the latter as of a materialman and not as a "labor lien."

C. S., sec. 7339, provides that "every person performing labor upon, or furnishing materials to be used," has a lien for the work or labor done or materials furnished.

"The decisions of the courts are not harmonious, and slight differences in the wording of the statutes render many of them inapplicable. We are of the opinion that the words 'every person who shall perform labor,' used in the statute, are designed to designate ordinary laborers who perform actual physical toil, common laborers and those who are required to use their hands or muscles in actual work, and do not include that higher and usually better paid class of employees whose duties are confined to superintendence and management, unless such class is expressly mentioned in the statute. . . . . The intent of the statute is to protect a class of persons rarely able to protect themselves, and who, from the laborious nature of their occupations and the necessity of

earning their daily bread by daily toil, have not time, opportunity, or intelligence sufficient to inform themselves as to the financial responsibility of the parties for whom they work." (*Durkheimer v. Copperopolis Copper Co.*, 55 Or. 37, 104 Pac. 895.)

While not meaning to determine, as the Durkheimer case does, that a superintendent or manager does not have a lien as a "person performing labor," the reasoning is especially persuasive as to the intent of such acts, in distinguishing between laborers and a person or corporation furnishing labor. (See, also, 2 Jones on Liens, 3d ed., secs. 1629, 1630, pp. 864–866; *Little Rock, H. S., & T. Ry. v. Spencer & Maney*, 65 Ark. 183, 47 S. W. 196, 42 L. R. A. 334; *Coleman v. State*, 6 Ga. App. 398, 65 S. E. 46; *Bankers' Surety Co. v. Maxwell*, 222 Fed. 797, 138 C. C. A. 345; *Tod v. Kentucky Union R. Co.*, 52 Fed. 241, 3 C. C. A. 60, 18 L. R. A. 305, and note; *Smallhouse v. Kentucky & M. G. & S. M. Co.*, 2 Mont. 443; *Blakey v. Blakey*, 27 Mo. 39; note, 30 L. R. A., N. S., 85.)

By C. S., sec. 7350, it is provided that the original contractor or subcontractor shall be entitled to recover upon a claim filed by him "only such amount as may be due to him according to the terms of his contract, after deducting all claims of other parties for work done and materials furnished to him as aforesaid, of which claim of lien shall have been filed as required by this chapter."

C. S., sec. 7351, makes it plain, by the prescribed priorities and provisions in case the proceeds of a sale are insufficient to pay all lienholders under it, that a person has not a "labor lien" for labor of others furnished by him, but a lien by reason of a contract relation for so furnishing the labor, and thus as a contractor or subcontractor. Such "person" who furnishes the labor of others is not, as to such labor furnished, classed as a laborer, or given a lien for his own labor in the class with laborers who file liens, though if the individuals who labored under such contractor file liens, they are placed in class 1, while the liens of a subcontractor

or contractor, even though he labor himself, are deferred to third and fourth place.

Petitioner's mistake in the rights of an instanced incorporated plumbing company is founded upon a mistake as to the rights of a partnership or individual. No one of them has a right to a labor lien for the labor furnished, as in the instanced case, by contract. The individual laborers may so have a lien, but the plumber would have the lien of a contractor, or, in some circumstances not herein existing, perhaps that of a materialman, but would not rank with laborers under class 1 of C. S., sec. 7351. Thus, there seems no error in the statement that a corporation has not a right to a "labor lien."

The petition is denied.

Wm. E. Lee and Givens, JJ., concur.